UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. KONRAD, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-2155-EFB P<br><br><br><br>ORDER |

　　Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.

Application to Proceed In Forma Pauperis

　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1   § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

2   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4   relief." *Id.* § 1915A(b).

5        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6   of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

7   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

9   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

12  U.S. 662, 679 (2009).

13       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15  action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

16  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

17  678.

18       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

19  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

22  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

23  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

24  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25  Screening Order

26       Plaintiff's complaint names four defendants: A. Konrad, C. Darling, L. Andrichak, and D.

27  Caitlin. The allegations sufficiently allege that both Konrad and Darling retaliated against

28  plaintiff in violation of the First Amendment and were deliberately indifferent to plaintiff's safety

in violation of the Eighth Amendment when they made various remarks to plaintiff, including calling him a "rat" in the presence of other inmates.  The allegations also adequately allege facts indicating that defendant Caitlin retaliated against plaintiff by refusing to give plaintiff a form for filing an appeal, allegedly stating "You already sued me, now you're pissing off my boss and they just ordered all of us to not give you nothing."  ECF No. 1 at 9.  However, the complaint does not demonstrate how defendant Andrichak was personally involved in any violation of plaintiff's rights.

Plaintiff may either proceed only with the claims identified herein or he may amend his complaint to attempt to cure any deficiencies  He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff is not obligated to amend his complaint.

### Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, the following viable claims:
   a. First Amendment retaliation claims against defendants Konrad, Darling, and Caitlin; and
   b. Eighth Amendment deliberate indifference to safety claims against defendants Konrad and Darling.
4. All other claims (including all claims against defendant Andrichak) are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims against defendants Konrad, Darling, and Caitlin, or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

DATED: November 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>        Plaintiff,<br><br>   v.<br><br>A. KONRAD, et al.,<br><br>        Defendants. | No. 2:20-cv-2155-EFB P<br><br><br>NOTICE OF ELECTION |

   In accordance with the court's Screening Order, plaintiff hereby elects to:

   (1) _____  proceed only with (a) the First Amendment retaliation claims against defendants Konrad, Darling, and Caitlin and (b) the Eighth Amendment deliberate indifference to safety claims against defendants Konrad and Darling.

   OR

   (2) _____  delay serving any defendant and files an amended complaint.

_____
Plaintiff

Dated: